IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUGUST WAKAT;<br><br>      Plaintiff,<br><br>v.<br><br>HENRY WINN;<br>LINDA WINN;<br>JOHN DOES 4–50, unknown persons acting in concert under the moniker "Cowboy Mafia,"<br><br>      Defendants. | Case No. 25-CV-00380-SEH-JFJ |

## **OPINION AND ORDER**

    Before the Court is Plaintiff August Wakat's *pro se* complaint [ECF No. 2], motion to proceed in forma pauperis [ECF No. 3], and motion for leave to file electronically [ECF No. 6]. Upon reviewing the complaint, the Court finds Plaintiff has failed to plead facts showing the Court has subject-matter jurisdiction. Therefore, the Court dismisses the complaint without prejudice and finds the pending motions moot.

    Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzalez*, 428 F.3d 916, 919 (10th Cir. 2005); *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject

matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). But regardless of whether a litigant raises the issue of jurisdiction, the Court has "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any state of the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Accordingly, a court must dismiss any claim that does not fall within its subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In determining whether a *pro se* litigant's claim falls within a court's subject-matter jurisdiction, a court must hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). For example, "[n]ot every fact must be described in specific detail," and a plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements"

must be excused under this lenient standard. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the leniency afforded to a *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. And it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.

 Liberally construing Plaintiff's complaint, the Court finds no facts —either alleged in the complaint or contained in the record—that show this Court has jurisdiction over the subject matter. Plaintiff asserts only state law claims and argues that the source of this Court's subject-matter jurisdiction is diversity. [ECF No. 2 at ¶ 5]. In this case, diversity jurisdiction requires that Plaintiff and Defendants be citizens of different states. 28 U.S.C. § 1332(a)(1). The complaint alleges that Plaintiff is an individual "residing in" Colorado and Defendants are individuals "residing in" Oklahoma. [ECF No. 2 at ¶¶ 6, 7]. "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) ("an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")); *see also ADA Carbon Sols. (Red River), LLC v. Atlas*

*Carbon, LLC*, 146 F.4th 1296, 1304 (10th Cir. 2025) ("domicile consists of residence plus an intent to remain there indefinitely" (cleaned up)).

Although Plaintiff's disclosure statement shows he is a citizen of Colorado [ECF No. 9 at 1], there is nothing in the record showing the citizenship of Defendants. Therefore, the Court is left with no basis on which to conclude it has subject-matter jurisdiction and must dismiss Plaintiff's claims under Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE ORDERED** that the Complaint [ECF No. 2] is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. A separate judgment of dismissal will enter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis, [ECF No. 4] and his Motion for Leave to File Electronically [ECF No. 6] are MOOT.

Finally, the Court reiterates that Plaintiff is still subject to filing restrictions in this district. *In the Matter of August Wakat Filing Restrictions*, No. 25-go-00001-JFH (N.D. Okla. September 10, 2025) [ECF No. 9]. Nothing in this order alters those filing restrictions.

IT IS SO ORDERED this 9th day of February, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE